UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN C. COFFER,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE KLISZEWSKI, et al.,<br><br>Defendants. | Case No. 25-cv-01464-EKL<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT, DENYING LEAVE TO AMEND, AND DISMISSING MATTER WITH PREJUDICE**<br><br>Re: ECF No. 19 |

Plaintiff Jonathan Christopher Coffer, a *pro se* prisoner, filed the instant civil rights lawsuit challenging his 2007 commitment to the California Youth Authority ("CYA"). ECF No. 18. The Court previously screened Coffer's complaint and dismissed it with leave to amend. *See* ECF No. 16. Coffer subsequently filed two amended complaints and a letter requesting further leave to amend. *See* ECF Nos. 17, 18, 19. The second amended complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court DISMISSES Coffer's complaint and DENIES his request for leave to amend.

I.  **LEGAL STANDARDS**

A.  **Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II. PLAINTIFF'S ALLEGATIONS

Coffer's second amended complaint alleges that, in 2007, Judge Kliszewski of the Alameda County Superior Court sentenced Coffer to eight years in CYA. ECF No. 1 at 3. He also alleges that Assistant District Attorney Maryann Migas "deliberately sent [him] to CYA knowing that was an illegal commitment." ECF No. 18 at 3. Coffer asserts that the sentence violated state law and amounted to false imprisonment; he further alleges that the distress from

2

1  finding out about his illegal commitment caused him to stop eating and cut his own wrists. *Id*. at

2  3-4.  He seeks monetary damages against Judge Kliszewski and Migas. *Id*. at 5.

3  **III.    ANALYSIS**

4        The Court screens his claims against each defendant below.

5      **A.    Claims Against Judge Kliszewski**

6        A state judge has absolute immunity from civil liability for damages for acts performed in

7  his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial

8  immunity to actions under Section 1983).  Judicial immunity is an immunity from suit for

9  damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511,

10 526 (1985).  Whether an act by a judge is a judicial one relates to (1) the nature and function of the

11 act and not the act itself, *i.e.*, whether it is a function normally performed by a judge, and (2) the

12 expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. *Stump v.*

13 *Sparkman*, 435 U.S. 349, 362 (1978); *see also Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d

14 1156, 1161 (9th Cir. 2003) (judge absolutely immune for entering default judgment against

15 prisoner who was not permitted to attend civil trial because entry of default judgment in a pending

16 civil case is unquestionably a judicial act).  "Judges have absolute immunity not because of their

17 particular location within the Government but because of the special nature of their

18 responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978).  Absolute immunity, therefore, "is

19 not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the

20 exercise of judicial functions." *Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017)

21 (internal quotations and citations omitted).

22       As the party responsible for sentencing Coffer during his juvenile proceedings, Kliszewski

23 is entitled to absolute immunity.  In his second amended complaint, Coffer cites to *In re C.H.*, 53

24 Cal. 4th 94 (2011), and argues that judges or other bench officers lose their immunity when they

25 act in excess of their jurisdiction.  ECF No. 18 at 3.  The cited case, however, does not discuss the

26 issue of judicial immunity nor a plaintiff's ability to pursue a civil rights claim for judicial acts.

27 Thus, whether Kliszewski is a judge or other bench officer, Coffer cannot obtain money damages

28 in a Section 1983 case where the acts in question – here, the sentencing or disposition – were

1   unquestionably judicial in nature and were performed in a judicial capacity.  Coffer's second
2   amended complaint does not address this issue, and he has not otherwise shown that he can
3   address these deficiencies to state a claim.[1]  Coffer therefore fails to state a claim for relief.
4   Because any amendment would be futile, the claims against Kliszewski are DISMISSED without
5   leave to amend.  *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave
6   to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

### B.     Claims Against Migas

Prosecutors have absolute immunity for any conduct in "pursuing a criminal prosecution" insofar as they were acting as "advocate[s] for the State" and their actions were "intimately associated with the judicial phase of the criminal process." *Imbler v. Patchman*, 424 U.S. 409, 430 (1976); *see id.* at 430-31 (prosecutor absolutely immune from liability for the knowing use of false testimony at trial); *Cousins v. Lockyer*, 568 F.3d 1063, 1068-69 (9th Cir. 2009) (California Attorney General absolutely immune from liability for wrongful imprisonment for failing to notify the court and prison officials of change in law entitling an inmate to release because this involves petitioning the court and is prosecutorial, rather than investigative or administrative, in nature); *Jackson v. Barnes*, 749 F.3d 755, 766 (9th Cir. 2014) (prosecutor entitled to absolute immunity for her statements at trial, her closing argument, her use of DNA, and her reliance on a third party's perjured testimony).  Prosecutorial immunity also applies to prosecutorial actions in juvenile delinquency court.  *See Gilliam v. Napa Cnty.*, 73 Fed. Appx. 206 (9th Cir. 2003) (citing *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003)).

Coffer alleges that Migas "deliberately sent [him] to CYA knowing that was an illegal commitment." ECF No. 18 at 3.  Advocating for a specific disposition during juvenile criminal proceedings, however, is undoubtedly "intimately associated with the judicial phase of the [juvenile delinquency] process." *Imbler*, 424 U.S. at 430.  Migas is absolutely immune from a

---

[1] In his letter requesting leave to amend his complaint, Coffer states that he can "properly amend [his] complaint" by "show[ing] that a private party conspired with state officials to deprive others of constitutional rights."  The letter appears to be intended for a different pending case, Case No. 25-cv-04213-EKL, and Coffer's arguments are not applicable to the claims raised or defendants named in this matter.  ECF No. 19 at 1.

4

1  Section 1983 lawsuit for the challenged conduct.  Because Coffer has not shown that he can

2  amend the claim to address the issue of prosecutorial immunity, the claim is DISMISSED without

3  leave to amend.  *See Wheeler*, 894 F.3d at 1059.

### CONCLUSION

1. Coffer's request for leave to amend (ECF No. 19) is DENIED.
2. This action is DISMISSED with prejudice for failure to state a claim.
3. The Clerk is requested to enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:    12/31/2025

Eumi K. Lee
United States District Judge